## ROYAL INSURANCE CO. v. PARLIN & ORENDORFF CO.

### No. 873.

**1.   Insurance Policy—Arbitration and Award—Pleading.**

In an action to vacate an award and appraisement of loss under an insurance policy, plaintiff's petition properly alleged that defendant apparently agreed to arbitrate the loss, but failed and refused to meet the arbitrators at divers times set therefor by plaintiff, in order to admit evidence showing bad faith on the part of defendant in entering upon the arbitration.

**2.   Same—Partiality of Appraisers.**

Allegations in such an action that the arbitrators were partial to defendant, and that one of them was an employe of defendant and other companies interested in the loss, were averments of material facts, and not conclusions of the pleader.

**3.   Same—Reasonable and Cash Value of Property.**

The reasonable value, and the "actual cash value" (as mentioned in the policy) of the property destroyed, may be treated as the same, where no special value of the property was alleged, and the evidence shows no difference between such values.

**4.   Same—Partiality Vitiates Award.**

Where arbitrators are partial to one of the parties, and the award is the result of such partiality, and for an inadequate amount, it cannot be upheld.

**5.   Same—Inadequacy of Award.**

The inadequacy of an award is to be considered in determining the bias or prejudice of the appraisers, and a party is entitled to know what it is before acting on the theory that it has been unfairly made.

**6.   Same—Appraisers Must Be Impartial.**

An appraiser is in no sense the agent of the party appointing him, but remains under the duty to be fair and unprejudiced, and where he is not disinterested, good ground is shown for setting aside an appraisement which is grossly below the actual loss sustained.

APPEAL from Dallas.    Tried below before Hon. R. E. BURKE.

*Leake, Henry & Reeves,* for appellant.—The court erred in charging, in effect, that plaintiff's loss should be estimated according to the reasonable value of the property totally destroyed and the damage to the remainder, because the policy stipulated that the loss should be estimated according to the actual cash value of the property at the time of the fire. When a contract of insurance fixes and establishes the standard or basis for estimating the loss at the actual cash value of the property at time of fire, it must control, and a charge which submits to the jury a different one is error.

*McCormick & Spence,* for appellee.—1.   When it is necessary to show fraud, concealment or deceit, great latitude is allowed in pleading and proof tending to show the same.   And no allegation or proof is irrelevant which tends to shed light upon the intention of the actor in the alleged fraudulent doing, concealment or deceit.   Best on Evidence, sec. 297;  Linn v. Wright, 18 Texas, 317;  Willis v. Hudson, 63 Texas, 647.

2.   The allegation that the arbitrators were not impartial, competent and disinterested, but were partial to the defendant and the other insurance companies interested in the loss, and that the said Booso was a hired employee of the said companies and of the appellant, is objected to on the ground that it is a conclusion.   It is not subject to this objection, because the terms "impartial, competent and disinterested" are conditions, and facts, and the question whether or not they were impartial, competent and disinterested were issues in the case to be submitted to the jury.   Russell v. Nall, 79 Texas, 668;  Thomas v. Chapman, 62 Texas, 193;  Scoby v. Sweatt, 28 Texas, 713;  Stephens' Pleading, sec. 355;  Sayles' Texas Pl., sec. 33.

3.   Actual cash value and reasonable value are substantially synonymous terms.   Chaddick v. Haley, 81 Texas, 621;  Cockrell v. Cox, 65 Texas, 676.

NEILL, ASSOCIATE JUSTICE.—This suit was instituted by appellee, a corporation, against appellant to vacate an award of the amount of loss sustained on a stock of goods covered by the insurance policy described in our conclusions of fact, upon the ground that the appraisers who made the award were incompetent and interested, and, in awarding the damages, were partial to the appellant, and assessed the damage far below that which was actually sustained, and to recover on the policy the actual loss.

The case was tried before a jury who, after finding that the appraisers in making the award did not act impartially, returned a verdict for appellee for $1,538.69, it being two-tenths of the total loss sustained, including 6 per cent interest from November 20, 1893, to date of verdict. Upon this verdict the judgment was rendered from which this appeal is prosecuted.

*Conclusions of Fact.* —On June 15, 1893, the Royal Insurance Company issued to Parlin & Orendorff Company a policy whereby it insured appellee for the term of one year from that date against all loss or damage by fire, with certain exceptions not necessary to mention, to an amount not exceeding $2000, to a certain stock of wagons, buggies, agricultural implements, machinery, etc.

The policy contained the following provisions and stipulations:

"This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation, however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality; said ascertainment or estimate shall be made by the insured and this company, or if they differ, then by appraisers as hereinafter provided; and the amount of loss or damage having been thus determined, the sum for which this company is liable, pursuant to this policy, shall be payable after due notice, ascertainment, estimate and satisfactory proof of loss have been received by this company, in accordance with the terms of this policy.

"In the event of disagreement as to the amount of the loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraiser respectively selected by them, and shall bear equally the expense of the appraisal and umpire.

"And the loss shall not become payable until after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers, when an appraisal has been required.

"This company shall not be liable under this policy for a greater proportion of any loss on the described property, or for loss by and expense of removal from premises endangered by fire, than the amount hereby insured shall bear to the whole insurance, whether valid or not.

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within 12 months next after the fire; and wherever the word 'loss' occurs, it shall be deemed the equivalent of 'loss or damage.' "

The property was injured and damaged by fire in October, 1893. At the time of the fire, there was concurrent insurance, including the policy sued upon, on the property to the amount of $10,000. The appellee made proof of the loss within the time prescribed by the policy, claiming and fixing its damages at $7,200. The parties disagreeing as to the

amount of the loss, determined to submit the matter to an appraisement, under the provisions of the policy, the appellant choosing Mr. L. H. Booso and the appellee W. M. Stroud, as the appraisers, and they selecting I. H. Dillon as umpire, before proceeding upon the appraisement. At the time Mr. Booso was appointed appraiser, the appellant represented to appellee's manager that he was a capable man for the position, and stated that he was disinterested. At the time these representations were made, appellee's managers did not know that they were untrue. In making the appraisement, Mr. Booso was under instructions from the appellant to give the company everything he could conscientiously. He regarded himself as the representative of the appellant, and acted in its interests, regardless of the rights of appellee, in making the appraisement, and was neither impartial nor disinterested. Besides, the testimony tends to show that Mr. Booso dominated and influenced the umpire in making an appraisement in favor of appellant and unfair to the appellee. Messrs. Booso and Dillon, by their award, fixed appellee's loss and damage at $5,101.75. This award was not signed nor agreed to by Stroud. The actual loss sustained by appellee was $7,247, of which the appellant was responsible on its policy for two-tenths, with interest thereon at the rate of 6 per cent per annum, amounting to, as found by the jury, $1,449.40. The appellee did not know of the partiality and unfairness of the appraisers until after they made their award, but as soon as it was informed of the award, repudiated it, and notified appellant that it would not be bound by the award.

*Conclusions of Law.*—1.   The only objection that can be urged to the allegation in plaintiff's petition "to the effect that defendant apparently agreed to the proposition of plaintiff to arbitrate its loss, but that defendant failed and refused to meet its arbitrators at divers and different times set therefor by plaintiff," is surplusage, and the overruling of exceptions to such allegations, if erroneous, could in no way affect the merits of the case, nor prejudice the appellant. But we think the allegation was proper for admission of evidence tending to show bad faith on the part of appellant in entering upon the arbitration.

2.   The allegations "that the arbitrators, L. H. Booso, and the umpire, I. M. Dillon, were not impartial, competent and disinterested, but were partial to defendant and other insurance companies interested in the loss, and that Booso was a hired employe of said companies and of the appellant," are of material facts necessary to be established in order to vacate the award, and are not, therefore, obnoxious to the exceptions urged by appellant to them, that they are merely conclusions of the pleader. Good pleading did not require appellee to allege its evidence of such facts.

3.   The court instructed the jury, in case they found against the award, to find in favor of appellee against appellant its proportionate part of the reasonable value of the merchandise destroyed and damages sustained by the remainder. It is urged that this part of the charge is

erroneous in that, as the policy establishes the basis of estimating the loss at the actual cash value of the property, it submits to the jury a different standard for determining the loss from the one fixed by the contract. In cases like this, where no special value of the property destroyed or injured is alleged or proven, and the evidence shows no difference between the reasonable value and the actual cash value, an instruction to find its reasonable value is tantamount to an instruction to find its actual cash value. We do not think the charge could have, in view of the evidence, in any way prejudiced the appellant—no effort being made by appellant to show that the damages proven were not based on the actual cash value of the property.

4. There was no evidence tending to show that appellee knew before the appraisal was entered upon that Mr. Booso was not impartial and disinterested. All the evidence showed that the appellee had no such knowledge. Hence, it was not error in the court to refuse to submit a matter to the jury not made an issue by the testimony.

5. The court in its general charge instructed the jury as follows: "You are told that this selection of appraisers by the parties, and the selection of the umpire by the two appraisers, being shown to have been regular, it will be presumed that the award made by two of them is true and just; and this award must stand, unless the plaintiff has, by a fair preponderance of the evidence, shown that one or both of the parties signing it were at the time not impartial. If you believe that Booso and Dillon, at the time they signed this award, acted impartially and on their best judgment as to the amount awarded, then the award should be upheld, although you may find and believe from the testimony before you that said award underestimates the damages sustained by plaintiff. If you believe that Booso and Dillon, or either of them, at the time they made this award, were not impartial arbitrators, and were partial to the interests of the defendant company, and the award was the result of such partiality, then the same cannot be upheld."

This charge was as favorable to the appellant (if not too favorable) as could have been properly given, and embraced everything asked in appellant's special charge number one that should have been submitted. The inadequacy of the award was an important factor, entitled to be considered in determining the bias and prejudice of the appraisers. Bradshaw v. Insurance Co., 137 N. Y., 137 (32 N. E. Rep., 1055); Glover v. Insurance Co. (Wash.), 39 Pac. Rep., 383. As said in the latter case, "The fact that Lippman [Booso] was biased and prejudiced in favor of the insurers is predicated upon his entire conduct during the proceedings, his acts and statements, and the influence shown to have been exercised by him over the other arbitrator, all taken with the inadequate amount allowed. With these matters in view, we do not think that the mercantile company [appellee] should be charged with having obtained knowledge thereof during the progress of arbitration to preclude it from raising the objection to the award on that ground." Besides, in this case, the policy provided that in the event of disagreement, an award

by the appraisers should be a condition precedent to appellee's recovery; and, in view of this provision, we do not think that it was incumbent upon the appellee to refuse to go on with the arbitration because the action of the appraisers may have excited suspicion of unfairness, and thus take upon itself the risk of showing the bias and partiality of the appraisers, and that their award would have been unjust, in order to enable it to recover on the policy. As soon as it learned of the award, it repudiated and refused to abide by it. This inadequacy being of itself evidence of the unfairness of the appraisers, the appellee was entitled to it, under the facts in this case, before determining and acting upon the theory that the appraisers were biased and acted unfairly in the interest of the insurance companies. Until the award was made, we do not think that there was such evidence of knowledge on the part of appellee of incompetency of the appraiser as would have warranted the court in instructing the jury that its failure to object to the appraiser before the appraisal was had would estop it from afterwards setting up the existence of such incompetency in avoidance of the award.

6. The question as to whether Messrs. Booso and Dillon were competent and disinterested appraisers was one of fact for the jury to determine from the evidence, and they having decided it adversely to the appellant, and there being evidence upon which the jury had the right to base their finding, we do not feel authorized to disturb their verdict. An appraiser is in no sense, for the purpose of an appraisal, the agent of the party appointing or nominating him, and he remains at all times under the duty to be fair and unprejudiced, or, in the language of the policy, disinterested; and where in fact he is not disinterested, good ground is shown for setting aside an appraisal which is grossly below the actual loss sustained. Bradshaw v. Insurance Co., supra.

The judgment of the District Court is affirmed.

*Affirmed.*

Delivered February 19, 1896.