## MILWAUKEE MECHANICS' INS. CO. v. WEST DEVELOPMENT CO. et al.* (No. 186.)

(Court of Civil Appeals of Texas. Waco. June 5, 1924. Rehearing Denied July 6, 1925.)

**1. Insurance ⚖574(3)—Partiality of one appraiser renders award invalid.**

Under policy providing for ascertainment of loss by competent and disinterested appraisers, an appraiser to be disinterested must be without prejudice or bias in favor of either party, and appraisal made by one appraiser and an umpire, without the assent of the other appraiser, was invalid, where the appraiser joining in the award was not fair and impartial.

**2. Insurance ⚖575—Appraisers' award being invalid, court not precluded from determining amount of insured's loss and extent of his liability therefor.**

The award of appraisers selected under provisions of fire insurance policy to ascertain loss, being invalid for partiality of one appraiser, such award did not preclude an investigation and determination by the court of amount of insured's loss and extent to which insurer was liable therefor.

**3. Insurance ⚖495(1)—Three-fourths insurance clause held invalid and unenforceable.**

Clause contained in fire insurance policy limiting liability to three-fourths of value of property *held* invalid uder Rev. St. art. 4893, especially when not part of standard policy adopted under article 4891, or any rider approved by insurance commission thereunder.

Error from District Court, McLennan County; Harvey M. Richey, Judge.

Action by the West Development Company and others against the Milwaukee Mechanics' Insurance Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Thompson, Baker, Knight & Harris, of Waco, for plaintiff in error.

Sleeper, Boynton & Kendall, of Waco, for defendants in error.

GALLAGHER, C. J. This suit was instituted by West Development Company, a corporation, defendant in error, against Milwaukee Mechanics' Insurance Company, a corporation, plaintiff in error, to recover on an insurance policy for the alleged total destruction of a store building. The parties will be designated as in the trial court.

The building was destroyed by fire on January 14, 1923. Plaintiff was represented in an attempt to secure an adjustment of the loss and in the prosecution of this suit by its president, Mr. Glasgow. He notified the local agent of the defendant of the fire as soon as it occurred, and shortly thereafter defendant sent a Mr. Childress to attempt to adjust the loss. Plaintiff contended that the building insured was a total loss within the

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted November 18, 1925.

meaning of the statute. Defendant insisted that the loss was only partial, and demanded an appraisement under the terms of the policy. Plaintiff assented to this demand without prejudice to its claim of total loss. Defendant selected as its appraiser a Mr. A. L. Hartshorn. Plaintiff selected as its appraiser Mr. Roy E. Lane. These appraisers selected Mr. William Smith as umpire. Said three parties, on March 16, 1923, met at the scene of the fire and viewed the burned building. They were unable to agree on an appraisement or award satisfactory to all three of them, but a purported award was written out by Mr. Hartshorn and signed by him and Mr. Smith, the umpire, and delivered to defendant. According to said award the sound value of the building before the fire was $13,200, and the loss resulting from such fire $12,909. Plaintiff, contending that the ·building was a total loss, and that the award was invalid, filed this suit. The pleadings of the parties raised the issues hereinafter discussed. The case was tried before a jury and submitted on special issues. Said issues, so far as material, and the answers of the jury thereto were as follows:

"No. 1: Was the building in issue in this case after the fire a total loss? Answer: No.

"No. 2: Was A. L. Hartshorn, upon the occasion in question a fair and impartial appraiser? Answer: No.

"No. 4: State in dollars and cents the reasonable cash market value, at the time and place, of the improvements on the lot in question immediately before the fire. Answer: $16,-700.

"No. 5: State in dollars and cents the reasonable cash market value, at the time and place, of the improvements on the lot in question immediately after the fire. Answer: $500."

The court received said verdict and rendered a judgment for the plaintiff thereon for the face of the policy, with interest from the date plaintiff claimed to have furnished proofs of loss, amounting in the aggregate to $4,178. The case is before us on writ of error sued out by defendant.

The defendant contends that the answer of the jury to issue No. 2 that the appraiser selected by it was not fair and impartial is without support in the evidence. The parties disagreed .concerning the extent of the loss and the amount plaintiff was entitled to receive under the policy sued on on account thereof. The policy provided that in event of such disagreement the loss should be ascertained by competent and disinterested appraisers; such appraisers submitting their differences, if any, to an umpire selected by them. The award relied on by defendant was prepared by Mr. Hartshorn, and signed by himself and Mr. Smith. Mr. Lane refused to sign the same. We have examined the entire evidence in the case in this connection, and have concluded that it is suf-

ficient to sustain the verdict of the jury on such issue, and that a recital of the same in this opinion would be of little, if any, precedential value. Defendant's said contention is overruled.

[1, 2] The policy by its terms required the selection by both parties of competent and disinterested appraisers. Appraisers selected in such cases are to act in a quasi judicial capacity, and should be free from all partiality and bias in favor of either party so as to do equal justice between them. Being selected by the parties to act instead of the court, they must, like the court, be impartial and nonpartisan. An appraiser, to be disinterested, must not only be without pecuniary interest, but he must also be without prejudice against or bias in favor of either party. The award relied on by defendant in this case purported to be the act of said Hartshorn and the umpire, Smith, only, and was, according to the above finding of the jury, invalid. For such reason it did not preclude an investigation and determination by the court of the amount of plaintiff's loss and the extent to which defendant was liable therefor. Delaware Underwriters v. Brock, 109 Tex. 425, 429, 430, 211 S. W. 779, 780, 781; Royal Insurance Company v. Parlin & Orendorff Co., 12 Tex. Civ. App. 572, 34 S. W. 401, 403. The action of the court in submitting an issue with reference to whether the award returned by said Hartshorn and Smith was the true award of each of them, and the answer of the jury that it was not, are therefore immaterial, in view of the disposition we make of the case in this court. The action of the court in refusing to submit defendant's several requested issues is, for the same reason, immaterial.

[3] The policy sued on in its face purported to insure plaintiff against all direct loss or damage by fire (except as therein provided) to an amount not exceeding $4,000. It also in another place provided that defendant should not be liable beyond the actual cash value of the property at the time of loss. Said policy had attached thereto a printed indorsement or rider containing, among other clauses, one known as the "Three-fourths value · clause." Such clause, so far as material to the issue here under discussion, is as follows:

"It is understood and agreed to be a condition of this insurance that, in event of loss or damage by fire to the property insured under this policy, this company shall not be liable for an amount greater than three-fourths of the actual cash value of each item of property insured by this policy, * * * and in the event of additional insurance * * * then this company shall be liable for its proportion only of three-fourths of such cash value. * * *"

The evidence showed that there was in force at the time of the fire insurance on said building in the aggregate sum of $14,000,

and that defendant's liability under the concurrent insurance provision was two-sevenths of the total loss. Defendant contends that said three-fourths value clause was a valid contractual limitation of its liability under said policy, and that the judgment rendered by the court is in excess of the amount plaintiff was entitled, in any event, to recover. The statute authorizes the state insurance commission to make, promulgate, and establish uniform policies of insurance applicable to the different kinds of risks, and requires all insurance companies doing business in this state to adopt and use such forms, and no other. Revised Statutes, art. 4891. It appears that said three-fourths value clause is not a part of the standard form of policy made, established, and promulgated by the insurance commission under said statute. Said statute also provides that said commission shall prescribe all standard forms, clauses, and indorsements used on or in connection with insurance policies. It also provides that all other forms, clauses, and indorsements placed upon insurance policies shall be placed thereon subject to the approval of said commission. It is not made to appear in this case whether said three-fourths value clause contained in the indorsement or rider on the policy sued on had been approved by the insurance commission before the same was attached to said policy, or whether the same was so attached "subject to the approval of the commission" at some future time.

The statute further provides as follows:

"No company subject to the provisions of this chapter may issue any policy or contract of insurance covering property in this state, which shall contain any clause or provision requiring the assured to take out or maintain a larger amount of insurance than that expressed in such policy, nor in any way providing that the assured shall be liable as co-insurer with the company issuing the policy for any part of the loss or damage which may be caused by fire to the property described in such policy; and any such clause or provision shall be null and void and of no effect. * * *" Revised Statutes, art. 4893.

The article above quoted was enacted in 1913. Prior to that time it was customary for policies of insurance to contain various provisions limiting the amount recoverable in case of loss under certain conditions to a sum less than the value of the property and less than the amount of insurance stated in the face of the policy. 4 Cooley, p. 3054(b). One of such provisions in common use was the three-fourths value clause here under consideration, and such provision was held valid and enforceable in favor of the insurer by our courts. Sun Mutual Ins. Co. v. Tufts, 20 Tex. Civ. App. 147, 50 S. W. 180, 182. Another such provision in common use was called the coinsurance clause. This clause required the insured to maintain insurance on the property covered by the policy to the extent of the actual cash value thereof, and made the insured, in event of failure to carry such amount of insurance, himself an insurer to the extent of the deficit, and required him to bear a proportionate part of the loss. Under such policies the insured could in no event recover a greater proportion of his actual loss than the insurance carried bore to the total value of the property, notwithstanding it should appear that the loss was only partial and that the amount thereof was less than the amount of indemnity promised in the face of the policy. This was also held valid and enforceable by the insurer as a limitation on its liability under such policies. Penn. Fire Ins. Co. v. Moore, 21 Tex. Civ. App. 528, 51 S. W. 878; 14 R. C. L. p. 1309, § 482; 2 Words and Phrases, First Series, p. 1247. The indemnity against loss by fire promised in a definite sum in the face of the policy was, by the use of either of such clauses, in many cases materially reduced. Such policies could be used to lead the unwary into the belief that they were protected by a definite indemnity in case of loss by fire, when in fact, by reason of the subsequent insertion of one of such limiting clauses, they were entitled to only a portion, and sometimes a meager portion, of the indemnity so promised. In this way premiums were collected on an apparent rather than a real basis of indemnity. The article of the statute above quoted was doubtless enacted to correct the evils growing out of the use of such clauses and to protect the insured in the recovery of the indemnity contracted for to the extent of his actual loss. The statute should be construed so as to effect such purpose. First Texas St. Ins. Co. v. Smalley, 111 Tex. 68, 72, 228 S. W. 550.

We have found no case arising since the enactment in its present form of the article above quoted where the insurer has contended that such coinsurance clause was not prohibited thereby. It seems to be conceded that the insertion of such clause in insurance policies is interdicted by the very terms of said article. Defendant has cited no authority in support of its contention that the use of the three-fourths clause is not also interdicted. Such contention was before the Court of Civil Appeals for the Seventh District in the case of Firemen's Insurance Co. v. Jesse French Piano & Organ Co. (Tex. Civ. App.) 187 S. W. 691, 692. The property in that case was insured for its full value, and the loss was total. The court held in that case that such three-fourths clause made the owner a coinsurer with the company issuing the policy to the extent of one-fourth of the value of the property, and required him to sustain one-fourth of the loss, and that said clause was therefore prohibited by said article. The same hold-

ing concerning the effect of said article on the validity of said three-fourths value clause was made by the Court of Civil Appeals for the Fifth District, in the case of Commercial Union Insurance Co. .v. Preston (Tex. Civ. App.) 238 S. W. 326, 330. The Supreme Court granted a writ of error in that case, and the same is now pending before that court. There is, however, another interesting and novel question involved in that case, and it therefore does not necessarily appear that said writ was granted for the purpose of reviewing the holding of the Court of Civil Appeals on the question of the validity of said clause. Said two clauses are similar in purpose and in effect. We cannot conceive that the Legislature deemed the coinsurance clause sufficiently vicious and oppressive to justify an absolute interdiction of its use, but intended to confine such interdiction thereto and permit the free and continued use of its twin, the three-fourths value clause. Said article of the statute is remedial in its nature. Its terms are broad enough to embrace both of said clauses, and we think it should be construed to apply to both of them and prohibit their use in policies of insurance and to nullify their effect when so used. While in this case the property insured was not a total loss, the destruction was nearly complete, and the effect of enforcing said three-fourths value clause would be to materially reduce the indemnity promised and paid for. Defendant's contention is overruled.

. There is evidence in the record sufficient to support an implied finding by the court that plaintiff, directly after the fire, furnished defendant proofs of loss, as required by the terms of the policy. In view of such implied finding, the amount of interest embraced in the judgment does not render the same excessive.

The judgment of the trial court is affirmed.