## ASSURANCE CO. OF AMERICA et al. v. CONTINENTAL SAV. & BLDG. ASS'N et al.  (No. 10213.)

Court of Civil Appeals of Texas. Dallas. June 30, 1928.

Rehearing Denied July 28, 1928.

**1. Trial ⬤350(4)—Evidence in action on fire policy showed total loss, justifying refusal to submit issue whether prudent owner would have used remains in restoring building (Rev. St. 1925, art. 4929).**

In action on fire policy, evidence that building was burned to floor, which was partly destroyed and joists burned off, that nothing was left of building, except small iron steps and part of brick piers, constituting foundation, and that nothing remained that could be used in rebuilding house, failed to show that any substantial part of building remained after fire, but that there was total loss, within Rev. St. 1925, art. 4929, and hence court did not err in refusing to submit to jury issue whether reasonably prudent uninsured owner would have used remnant of structure remaining after fire as basis for restoring building.

**2. Insurance ⬤646(8)—On prima facie proof of total loss, insurer had burden of showing prudent owner would have used remains for restoring building (Rev. St. 1925, art. 4929).**

Where plaintiff, suing on fire policy, showed prima facie that building was total loss, within Rev. St. 1925, art. 4929, insurer had burden of proof on issue whether reasonably prudent uninsured owner would have used remnant of structure remaining after fire as basis for restoring building.

**3. Trial ⬤350(4) — Owner's testimony that piers remaining after fire could hold house held not to present issue whether prudent owner would have used remains for restoring building (Rev. St. 1925, art. 4929).**

Where evidence in action on fire policy established prima facie that building was total loss, within Rev. St. 1925, art. 4929, testimony by owner, referring to brick piers left in foundations, that they were sufficient to hold house 60x80 did not present issue whether reasonably prudent uninsured owner would have used remains for restoring building, where no attempt was made to show value of piers left in founda-

tion, or relation they bore to entire structure, or cost of reconditioning them for use in new structure.

**4. Insurance ⟐⟐384—Vacancy clause in fire policy held waived during alterations by insurer's issuing permits authorizing alterations without vacancy permit.**

Where insurer knew insured building would remain vacant until repairs were finished, and for consideration gave permits for repairs which dispensed with vacancy permit, and building was destroyed before expiration of permit, insurer thereby waived clause avoiding policy if building became vacant for 10 days, or at least suspended vacancy clause until building was repaired.

**5. Insurance ⟐⟐372—Vacancy clause in fire policy may be waived or suspended by insurer.**

Vacancy clause in fire policy, avoiding policy if insured building was vacant or unoccupied for 10 days, being for exclusive benefit of insurer, could be waived or suspended by insurer at will.

**6. Insurance ⟐⟐384—Insurer, issuing permits for alteration dispensing with vacancy permits, waived forfeiture for vacancy of premises destroyed during alterations, and was estopped to rely on vacancy clause.**

Where insurer knew insured building would remain vacant until repairs were finished, and for consideration gave permits for repairs which dispensed with vacancy permit, and building was destroyed before expiration of permit, insurer thereby waived any forfeiture of policies resulting from building being vacant, and was estopped to rely on vacancy clause as defense.

**7. Evidence ⟐⟐471(35)—Testimony by qualified witness that nothing remained after fire that could be used to rebuild residence held properly admitted (Rev. St. 1925, art. 4929).**

In action on fire policy, testimony by witness that he found nothing in remains of building which would be of value in reconstructing residence was properly admitted on issue whether loss was total, within Rev. St. 1925, art. 4929, where witness·was shown to be fully qualified to speak on subject, as against objection that it was opinion. evidence.

**8. Appeal and error ⟐⟐1050(1)—Testimony that insured premises were total loss held not harmful, where similar testimony was admitted without objection, and evidence otherwise justified conclusion (Rev. St. 1925, art. 4929).**

Admission of testimony in action on fire policy that nothing remained after fire which could be used in reconstructing residence, on issue whether loss was total, within Rev. St. 1925, art. 4929, *held* not harmful, where another witness testified to same effect without objection, and evidence otherwise fully justified conclusion.

Appeal from District Court, Dallas County; T. A. Worth, Judge.

Action by the Continental Savings & Building Association and others against the Assurance Company of America and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Thompson, Knight, Baker & Harris, of Dallas, for appellants.

Cockrell, McBride, O'Donnel & Hamilton, of Dallas, for appellees.

LOONEY, J. Continental Savings & Building Association, as mortgagee, sued on two policies of fire insurance issued by appellants to W. L. Johnson, owner, insuring a two-story frame residence located in Fort Worth, Tex. The policy of Chicago Fire & Marine Insurance Company was issued September 14, 1925, in the sum of $4,000, and that of Assurance Company of America was issued September 28, 1925, in the sum of $2,000, and to each policy was attached a loss payable or mortgage clause in favor of plaintiff to protect a loan of $4,000 it holds against the property. Plaintiff alleged that the property was totally destroyed by fire, that proof of loss was timely made to each company, and that payment was refused by each. Johnson, the owner of the property, was made a party to the suit by plaintiff, and required to assert his rights under the policies, as owner, to any excess above the indebtedness due plaintiff. At the conclusion of the evidence, the court directed a verdict for plaintiff, mortgagee, and Johnson, owner. Judgment was accordingly rendered against appellants, from which they prosecute this appeal.

It will not be necessary to make any statement of the pleadings, further than to say that the issues formed thereby, and the propositions urged by appellants for reversal, will be made apparent from the discussion. Appellants contend that the evidence as to whether or not the building was a total loss was not wholly uncontradicted, and therefore the court erred in taking the case from the jury and directing a verdict for appellees, but, on the contrary, should have submitted the issue requested by them; that is, whether or not a reasonably prudent owner, uninsured, would have used the remnant of the building as a basis to reconstruct same to the condition in which it was before the fire.

The interwoven testimony of the several witnesses on this issue is to the effect that the building was burned to the floor, which was charred, partly destroyed, piled with rubbish, and the joists burned off; that nothing was left of the building, except the small iron steps leading into the entrance and part of the brick piers that constituted the foundation. One of the witnesses testified that there was·nothing left that could be used in rebuilding the house, and another to the same effect said that he found nothing that he thought would be of value in reconstructing the residence.

Article 4929 (4874) (3089) R. S. 1925, is in the following language:

"A fire insurance policy, in case of a total loss by fire of property insured, shall be held and

considered to be a liquidated demand against the company for the full amount of such policy. The provisions of this Article shall not apply to personal property."

Our Supreme Court, construing this statute, announced the rule for determining whether in a particular case a total loss of property exists, in Royal Insurance Company v. McIntyre, 90 Tex. 182, 37 S. W. 1068, 1074. After an exhaustive examination of the authorities, Judge Denman, for the court, said:

"After a careful consideration of the question, we are of opinion that there can be no total loss of a building, so long as the remnant of the structure standing is reasonably adapted for use as a basis upon which to restore the building to the condition in which it was before the injury; that whether it is so adapted depends upon the question whether a reasonably prudent owner, uninsured, desiring such a structure as the one in question was before injury, would, in proceeding to restore the building to its original condition, utilize such remnant as such basis."

This rule has been repeatedly reaffirmed by our appellate courts, and in the case of Fire Association of Philadelphia v. Strayhorn, 211 S. W. 447, the Commission of Appeals, supplemented the rule by announcing that the remnant or part of the building left after the fire must be a substantial remnant of the structure. This addendum to the rule was approved by the Supreme Court. Also see National Liberty Insurance Co. v. Dansby (Tex. Com. App.) 260 S. W. 1040.

[1] Applying the rule to the undisputed facts of the case before us, we are of the opinion, and so hold, that the evidence failed to show that any substantial part of the building was left after the fire, and that there was a total loss within the meaning of the law.

Appellants requested and the court refused to submit the following question to the jury, to wit:

"Would a reasonably prudent owner, uninsured, have used the remnant of the structure at 1150 Eighth avenue, remaining after the fire of February, 1926, as a basis for restoring said building to the condition in which it was before the fire?"

[2, 3] The court did not, in our opinion, err in refusing to submit this issue, for the reason that it was not justified by the evidence. Plaintiff had shown, at least prima facie, that the building was a total loss within the meaning of the statute, and, as the case stood, was clearly entitled to prevail on that issue. The matter sought to be presented by the requested issue, was purely defensive, and the burden was upon appellants to support the same with evidence. No attempt was made by them to prove the salvage value of the remains of the burned structure, nor did they develop any fact or facts from which a conclusion could be drawn that a reasona-

bly prudent owner, uninsured, would have used the remains of the building as a basis for a new building, unless it can be said that the testimony of Mr. Johnson, the owner, presented the issue. After Mr. Johnson described the ruins, which in our opinion revealed a total loss of the structure within the meaning of the law, referring to the brick piers left in the foundation, said they were "sufficient, I suppose, to hold up a house 60x80." No attempt was made to show the value of the piers left in the foundation, nor the relation they bore to the entire structure, nor what it would cost to recondition them for use in a new structure. We are of the opinion, therefore, that the court erred neither in refusing the special charge, nor in directing a verdict for appellees.

Appellants contend, however, that the contracts of insurance were violated, and the policies avoided, for the reason that the premises remained vacant for more than 10 days. Each policy provides in substance that, unless by an agreement indorsed thereon or added thereto, it should be avoided if a building therein described, whether intended for occupancy by the owner or by a tenant, be or become vacant or unoccupied and so remain for ten days.

[4, 5] Appellants had knowledge, through their common agent, who issued the policies, that the building was vacant at the time the insurance contracts were entered into, and that it would remain vacant until certain repairs then in contemplation were finished, at which time the house was to be occupied by tenants. Later, in consideration of $1 per $1,000 paid by insured, appellants gave permits, evidenced by riders attached to the policies, for extraordinary alterations, additions, and repairs to the building. The permits were effective for 60 days from October 28, 1925, to December 28, 1925, and among other things contained this language:

"No charge to be made for vacancy, and no vacancy permit to be required for the time during which a building is being repaired, and for which time above form of permit is attached to policy."

But, as the repairs were not completed on December 28th, for like consideration, appellants said agents renewed the permits for another period of 60 days, but prior to their expiration the building was destroyed. In view of these undisputed facts, we believe appellants waived the vacancy clause, or at least the same was suspended until the building was repaired and ready for occupancy. The vacancy clause was for the exclusive benefit of appellants; hence they were at liberty to waive or suspend same at will. See Supreme Lodge K. of P. v. Hooper (Tex. Civ. App.) 282 S. W. 867, and authorities cited.

[6] However, if we should be in error in holding that the vacancy clause was waived, still we are of the opinion that any forfeiture

of the policies that resulted from the building being vacant was waived by appellants, and that they are estopped to rely on same as a defense, for the reason that, with knowledge that the building had been vacant from the inception of the insurance contracts, they granted these permits for repairs and alterations, thus recognizing, unequivocably, the continued validity of the policies. Hence, if, as contended by appellants, the policies were forfeited because of the vacancy, the same was unquestionably waived. Equitable Life, etc., Co. v. Ellis, 105 Tex. 526, 536, 537, 147 S. W. 1152, 152 S. W. 625; Texas State Mutual Fire Insurance Company v. Leverette (Tex. Civ. App.) 289 S. W. 1032; Calhoun v. The Maccabees (Tex. Com. App.) 241 S. W. 101; British, etc., Co. v. Francisco, 58 Tex. Civ. App. 75, 123 S. W. 1144. We therefore overrule this contention of appellants.

[7, 8] Appellants assign error on the action of the court in permitting the witness Foster to testify over their objection that he found nothing in the entire place (referring to the remains left after the building was burned) which he thought would be of value in reconstructing the residence; that no part of the dwelling was of any value whatsoever. The objection was that the testimony was opinion evidence, concerning a matter in regard to which the witness was not shown to be an expert, or qualified to express an opinion. The court did not, in our opinion, err in admitting the evidence. If the testimony was in fact opinion evidence, which we need not determine, the witness was shown to be fully qualified to speak on the subject; but, aside from this, no harm could have resulted to appellants from the admission of the evidence, for the reason that the record discloses another witness testified to the same effect without objection, and in addition the evidence otherwise fully justified the conclusion reached.

We have carefully considered all assignments and propositions urged by appellants for reversal, but, finding no reversible error, the judgment of the court below is affirmed.

Affirmed.