## NELLE v. BALDWIN.  (No. 8219.)

Court of Civil Appeals of Texas.  San Antonio. May 8, 1929.

· Rehearing Denied June 5, 1929.

Tarlton & Lowe, of Corpus Christi, for appellant.

Kleberg & North, of Corpus Christi, for appellee.

FLY, C. J. Appellant sued appellee, alleging that he was engaged in the real estate business in Corpus Christi, using the firm name Baldwin Land Company; that he employed appellant as manager of one of the departments of the land company, and some ten or twelve typewritten pages of the petition are devoted to the details of the oral agreement as to what appellant should receive as compensation, and the failure of appellee to pay the same, said sum amounting to $1,617.-50. Exceptions were sustained to the trial amendment of appellant, and the cause was submitted to the court on an agreed statement of facts, and judgment was rendered in favor of appellee.

The following agreement of the parties was submitted to and acted on by the trial court:

"It is agreed by the parties hereto, that in connection with the affirmative defense of arbitration plead by defendant, and the supplemental petition seeking to avoid the effect

of same, to which the Court sustained the general demurrer, and special exceptions, that a disagreement arose between plaintiff and defendant, prior to the filing of plaintiff's suit in connection with and involving the same claims included in plaintiff's petition, and upon which his original suit was based, and on or about the 8th day of October, A. D. 1926, both plaintiff and defendant in good faith entered into an agreement to submit said controversy to an arbitration board or committee, composed of Fred Quaile, W. L. Dinn and W. S. Gandy, which agreement was in writing, and is as follows:

" 'The State of Texas, County of Nueces.

" 'Whereas, Wm. H. Nelle was formerly employed by the Baldwin Land Company, of which H. B. Baldwin is manager; and

" 'Whereas, the said Wm. H. Nelle is claiming certain commissions due him by the said Baldwin Land Company; and

" 'Whereas, the said H. B. Baldwin denies such claim; and

" 'Whereas, the said Wm. H. Nelle and H. B. Baldwin have agreed to submit the matter to arbitration; and

" 'Whereas, H. G. Sherman, President of the Corpus Christi Real Estate Board has appointed a committee composed of Fred Quaile, W. L. Dinn and W. S. Gandy to arbitrate the differences between the said Wm. H. Nelle and H. B. Baldwin;

" 'Now, therefore, it is agreed by and between the said Wm. H. Nelle and H. B. Baldwin that they will submit to the committee above named the facts in connection with the issues involved and both parties hereto agree to abide by the decision of the committee in the matter.

" 'Witness our hands, in triplicate, this the 8th day of October, A. D. 1926.

" '[Signed]    H. B. Baldwin.
" '[Signed]    Wm. H. Nelle.'

"Thereafter, on the 28th day of October, 1926, the said committee rendered its decision to the parties, in writing, signed by the members of the committee, which decision is as follows:

" 'Corpus Christi, Texas, Oct. 28, 1926.

" 'Re Baldwin-Nelle Controversy.

" 'Mr. H. B. Baldwin, City. Dear Mr. Baldwin: On or about the 15th day of October, Mr. W. H. Nelle and Mr. Henry B. Baldwin submitted to the following committee known as the 'Grievance Committee of the Real Estate Board,' consisting of Wallace Dinn, W. S. Gandy and F. F. Quaile, Chairman, the controversy over commissions claimed by Mr. W. H. Nelle to be due from the Baldwin Land Company.

" 'The Committee acting in all fairness and to the best of its ability basing the following reports on the information furnished both in writing and by testimony, find that in the case of the transaction of A. C. Rout deal that no commission was due Mr. Nelle.

" 'The Brouse to Manget and Doyle transaction was decided likewise. They interpreted the term 'Gross Receipts' to mean the receipts actually due the Baldwin Land Company after all the divisions of the commission had been made with the other firms.

" 'The Ward Island sale to W. E. Shinn, the Committee in this case at first decided inasmuch as the sale was called off and was not yet completed and it would not come in their jurisdiction, but inasmuch as considerable information was furnished and testimony heard, we cannot find where any commission was earned by Mr. Nelle.

" 'The Rincon-W. E. Pope transaction was decided also in favor of the Baldwin Land Company for we found no justification of having credited to the city department nor Mr. Nelle's activities in the deal sufficient to warrant the earning of any commission.

" 'The committee might add that both sides of this controversy brings to light the absolute necessity of a more thorough understanding and a more definite contract between employers and their salesmen and would urge that this instance be an example to all Realtors to be more explicit in their contracts and agreements.

" 'Respectfully submitted,
" '[Signed]    F. F. Quaile.
" 'W. S. Gandy.
" 'W. L. Dinn.' "

The arbitration proceedings hereinbefore copied were pleaded by appellee in his amended answer, and in replication thereto appellant filed a supplemental petition and a trial amendment alleging fraud, prejudice, and unfairness on the part of the arbitrators. The court sustained exceptions to the pleadings mentioned. It is the claim of appellee that the supplemental petition and trial amendment did not allege specific acts of fraud, collusion, unfairness, or prejudice upon the part of the arbitrators, but that the charges were general and merely conclusions of the pleader. We select some of the allegations to test the criticisms of the appellee. In the trial amendment it is alleged that Fred Quaile, one of the arbitrators, used his influence to persuade the other two arbitrators not to consider the evidence and argument of appellant, and told them of what others had told him, although they did not testify before the committee. In the supplemental petition it was alleged that the said Fred Quaile exerted undue and unfair influence over the other two arbitrators in the interest of appellee and deceived appellant as to certain testimony he desired to produce, and that he acted at all times in the interest of appellee, and not fairly and impartially. Instances were alleged of his fraud and deceit and the suppression of testimony.

In a case wherein the award of arbitrators

was assailed by the losing party, the petition was not so clear or so definite as in this case, but this court, through Associate Justice H. H. Neill, held: "The allegations 'that the arbitrators, L. H. Booso, and the umpire, I. M. Dillon, were not impartial, competent and disinterested, but were partial to defendant and other insurance companies interested in the loss, and that Booso was a hired employé of said companies and of the appellant,' are of material facts necessary to be established in order to vacate the award, and are not, therefore, obnoxious to the exceptions urged by appellant to them, that they are merely conclusions of the pleader. Good pleading did not require appellee to allege its evidence of such facts.". Royal Ins. Co. v. Parlin, 12 Tex. Civ. App. 572, 34 S. W. 401.

It was alleged in the petition that the committee on arbitration, which was a committee appointed by the president of the Corpus Christi real estate board, was an unfair and partial committee "favorable to the defendant, in that one of the members thereof, Fred Quaile, entered into collusion with the defendant prior to the submission of the matters to be arbitrated and agreed with the defendant to use his influence upon the other members of the committee to bring about an award favorable to the defendant." That allegation, which is specific, is followed by a detail of the circumstances of the influence exerted by Quaile to influence them to decide in favor of appellee. We think the pleadings were sufficient to form the basis for a case to be heard by a jury.

The judgment will be reversed, and the cause remanded.