W. T. Waggoner, trustee of the W. T. Waggoner Estate, instituted this suit against the Pennsylvania Fire Insurance Company to recover the sum of $2,000 on an insurance policy issued by the defendant, securing plaintiff against loss or damage by fire to a 1925 model Reo speed wagon. It was alleged that on January 28, 1928, the Reo speed wagon was totally destroyed by fire. The case was submitted to a jury upon special issues. Based upon the findings of the jury, plaintiff recovered a judgment against the defendant for the sum of $1,640, with interest thereon from May 22, 1928, at the rate of 6 per cent. per annum. The Pennsylvania Fire Insurance Company appealed the case to the Court of Civil Appeals for the Seventh district, and the judgment of the trial court was affirmed. A writ of error was granted.
Plaintiff in error contends that, since the insurer and insured could not agree upon the amount of loss or damage, an appraisal was demanded by the insurer, and an award was made by two of the appraisers in the sum of $600 in accordance with the provisions of the policy, and that the insurer within a reasonable time tendered to the insured that amount which was refused; that the award is binding upon both parties to the contract, and the court erred in refusing the special charge permitting a recovery against plaintiff in error only to the extent of the award.
Defendant in error contends that the policy required that competent and disinterested appraisers be selected to ascertain the loss; that the appraiser selected by the insurer was partial and biased in favor of that company; and the award, having been made by *Page 2 
one appraiser and the umpire, who were not fair and impartial, was invalid and not binding upon the insured.
Defendant in error attacks the validity of the award made by the appraiser and the umpire, alleging that the arbitration proceedings were not valid, and were not fairly and impartially conducted, and should be set aside, and prayed for judgment in the sum of $2,000, with interest from May 22, 1928, being sixty days after proof of loss was furnished the insurer. On the pleadings and the evidence introduced, the court submitted to the jury the following special issue: "Were the appraisers who made the award on the arbitration in evidence in this case partial to the insurance company in fixing the amount of the damage ascertained by them?" To which the jury answered "Yes."
The jury further found, in answer to special issue No. 3, that the sum of $1,640 was the reasonable market value of the truck immediately before it was burned. Upon these findings by the jury, the trial court rendered judgment in favor of the insured for the sum of $1,640, with interest from sixty days after proof of loss was furnished to the ins rer.
The policy by its terms required that the insured and insurer select competent and disinterested appraisers. They constitute a quasi court, and should be free from partiality and bias in favor of either party. Our Supreme Court, in the case of DelawareUnderwriters et al. v. Brock, 109 Tex. 425, 211 S. W. 779, 780, speaking through Judge Greenwood, in passing upon the qualification of appraisers provided for under a similar policy, says:
"* * * The Alabama Supreme Court clearly gave the right construction to the appraisal clause in these policies, when it said:
"`The purpose of the clause is to secure a fair and impartial tribunal to settle the differences submitted to them. In their selection it is not contemplated that they shall represent either party to the controversy or be a partisan in the cause of either, nor is an appraiser expected to sustain the views or to further the interest of the party who may have named him. And this is true, not only with respect to estimating the amount of the *595 loss, but also with reference to the selection of an umpire. They are to act in a quasi judicial capacity and as a court selected by the parties free from all partiality and bias in favor of either party, so as to do equal justice between them. This tribunal, having been selected to act instead of the court and in the place of the court, must, like a court, be impartial and nonpartisan. For the term "disinterested" "does not mean simply lack of pecuniary interest, but requires the appraiser to be not biased or prejudiced." And, if this provision of the policy was not carried out in this spirit and for this purpose, neither party is precluded from going to the courts, notwithstanding the agreement to submit their differences to the board of appraisers.' Hall Bros. v. WesternAssurance Co., 133 Ala. 639, 640, 32 So. 257, 258."
The award relied on by the insurer in this case purported to be the act of J. W. Barker and the umpire, Ray Puckett, only, and was, according to the finding of the jury, invalid. The award so made by the appraiser and umpire for the loss or damage to the truck was $600. In answer to a special issue, the jury found that the appraisers were partial to the insurer, and furthermore found that the market value of the truck at the time of its damage was $1,640. Therefore, for such reason it did not preclude an investigation and determination of the amount of insured's loss and the extent to which the insurer was liable therefor. Delaware Underwriters et al. v. Brock, supra; Royal Insurance Co. v.Parlin Orendoff Co., 12 Tex. Civ. App. 572, 34 S. W. 401;Milwaukee Mechanics' Ins. Co. v. West Development Co.(Tex. Civ. App.) 275 S. W. 203, 204; Id.,115 Tex. 361, 282 S. W. 562. *Page 3 
We think the pleadings and proof sufficiently raised the question as to whether the appraisers appointed were competent and disinterested, as provided for in the policy. This issue being properly raised, the question as to the competency or disinterestedness of an appraiser is primarily for the jury. The inadequacy of an award may also be considered in determining the bias and prejudice of the appraisers. Under the state of the record, we think it is a question of fact to be determined. Cooley's Briefs on the Law of Insurance, vol. 4, pp. 3641 and 3642; Royal Ins. Co. v. Parlin Orendorff Co., supra; Milwaukee Mechanics' Ins. Co. v. West Development Co., supra.
Plaintiff in error further contends that the trial court erred in refusing to define the meaning of the term "gross inadequacy" or "grossly inadequate," in connection with the special issue submitted to the jury.
The jury, having found that the appraisers selected were partial to the insurer, rendered the award invalid. Therefore the action of the trial court in failing to define the term "gross inadequacy" or "grossly inadequate," used in the special issue submitted respecting the award made by the appraisers, becomes immaterial and harmless.
Plaintiff in error further contends that the judgment is excessive as to interest, in that the interest is made to run from May 22, 1928, which was the date that the award of the appraisers was made, and, under the provisions of the policy, no interest is payable until sixty days after the notice, ascertainment, estimate, and verified proof of loss of the amount have been received by the company, and, if appraisal is demanded, then not until sixty days after an award has been made by the appraisers.
The defendant in error prayed for judgment in the sum of $2,000, with interest thereon from and after May 22, 1928. Judgment was rendered in favor of defendant in error and against plaintiff in error in the sum of $1,640, with interest thereon from May 22, 1928, at the rate of 6 per cent. per annum until paid. The policy provides as to payment as follows: "* * * and the loss shall in no event become payable until sixty (60) days after the notice, ascertainment, estimate and verified proof of loss herein required, have been received by this Company and if appraisal is demanded, then, not until sixty days after an award has been made by the appraisers."
The proof of loss for $2,000 was submitted to the company on March 22, 1928. On March 24, 1928, the company demanded an appraisal in accordance with the provisions of the policy, which demand was complied with by the Waggoner Estate. The appraisal was had under date of May 22, 1928, and the sum of $600 was awarded to the Waggoner Estate. Soon thereafter plaintiff in error tendered to defendant in error the sum of $600, the amount awarded by the appraisers, which was refused, and suit was instituted on July 28, 1928.
The question presented for decision is: Was interest due and payable sixty days after the notice, ascertainment, estimate, and verified proof of loss was furnished or not until sixty days after the award had been made by the appraisers?
The foregoing provision with respect to notice and proof of loss and an appraisal, if demanded, is a valid provision of the policy. The parties thereto had agreed to it, and, under the decisions of this state, it is enforceable. There is no contention that plaintiff in error denied its liability under the policy. If the insurance company had denied liability under the policy, such denial would have matured the demand for the loss or damage under the policy. Under such circumstances, interest would run from the date of denial of liability, regardless of whether sixty days had expired after the proofs of *596 loss had been furnished or an award made.Queen Ins. Co. v. Jefferson Ice Co., 64 Tex. 578; DelawareUnderwriters v. Brock, 109 Tex. 425, 211 S. W. 779; Fire Ass'n ofPhiladelphia v. Strayhorn (Tex. Com. App.) 211 S. W. 447. *Page 4 
Under the pleadings and evidence, the validity of the award made by the appraisers was questioned. The jury found that the appraisers were partial to the insurer. The award was signed only by Barker and the umpire Puckett. The appraiser selected by the insured did not sign the award. The effect of the finding was that the insurer had not complied with the terms of the policy by selecting a competent and disinterested appraiser, and, on account of the wrongful act or default of the insurer in that respect, no valid award was made. When the insurer demands the appraisal, as it did in this case, it must in good faith select a competent and disinterested person as an appraiser before it can claim that interest does not run thereon until after sixty days of the date of the award. By virtue of the findings of the jury, there was no valid or enforceable award made, hence interest would be allowable sixty days after the proof of loss was furnished. Queen Insurance Co. v. Jefferson Ice Co., supra; Delaware Underwriters v. Brock, supra; Fire Ass'n of Philadelphia v. Strayhorn, supra.
For the reasons herein stated, we recommend that the judgment of the trial court and the Court of Civil Appeals be affirmed.
CURETON, C. J.
Judgments of the District Court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.
Tex.Com.App., 1931