## COMMERCE INS. CO. v. SERGI.
### No. 12815.

Court of Civil Appeals of Texas. Fort Worth.

April 15, 1933.

Massingill & Belew and Homa S. Hill, all of Fort Worth, for appellant.

Frank R. Graves, of Fort Worth, for appellee.

LATTIMORE, Justice.

The appellee recovered from appellant the face of a fire policy of insurance on a jury finding that the building insured was a total loss.

The issue submitted was: "Was plaintiff's building described in the insurance policy a total loss by reason of the fire of August 18, 1929? The test of whether a building is a total loss is: Was any substantial portion of the building left standing in such condition and extent as to be reasonably suitable, as a basis upon which to reconstruct said building in like condition as it was before the fire as to strength, security and utility?"

The defendant seasonably excepted to the charge, in substance, because it did not instruct the jury that they should be guided by what a reasonably prudent owner uninsured would have done with reference to using the remnant of such building as a basis for restoration.

The rule laid down in McIntyre's Case, 90 Tex. 170, 37 S. W. 1068, 35 L. R. A. 672, 59 Am. St. Rep. 797, as modified in Strayhorn's Case (Tex. Com. App.) 211 S. W. 447, is too well settled to need our discussion.

By the same authorities the test of adaption is: Would a reasonably prudent owner uninsured, desiring to build such a structure as the one was immediately before the fire, utilize such remnant as such in restoring the building to said prior condition.

We are not inclined to believe this a defensive issue which need not be submitted unless defendant affirmatively raises it by evidence, as said in Assurance Co. v. Continental Savings & Building Ass'n (Tex. Civ. App.) 8 S.W.(2d) 787. On the contrary, we believe it to be the test for determining a total loss. Undoubtedly, the burden to show a total loss rests on the plaintiff. Not that the witness must recite from the witness stand in

the language of the formula, but when the testimony from competent sources has been received, then the issue to be submitted to the jury should pointedly and completely ask of the jury to apply the test as prescribed by Justice Denman. This the learned trial court failed to do, though seasonably reminded thereof, and such error we believe is reversible. The distinction is analogous to the definition of negligence, a failure to exercise ordinary care, but the test of ordinary care is what a person of ordinary prudence would do under such circumstances. This test a defendant has a right to have presented to the jury as furnishing the proper yardstick for the measure of the plaintiff's case. The reason for that rule seems equally applicable in this case.

The language used in the test as formulated in the above decisions is so clear and to the point that we recommend it to the trial courts.

The judgment of the trial court is reversed, and the cause remanded.