## CAMDEN FIRE INS. ASS'N v. McCAIN.
### No. 9602.

Court of Civil Appeals of Texas. San Antonio.

June 26, 1935.

Rehearing Denied July 24, 1935.

Davenport & Ransome, of Brownsville, for appellant.

Galbraith & Goodrich, of Brownsville, for appellee.

BICKETT, Chief Justice.

The Camden Fire Insurance Association, defendant below, has appealed from a judgment for $1,061.75 rendered against it in favor of George McCain, plaintiff below, upon a policy of windstorm insurance.

The substantial question is whether there was a sufficient showing to set aside the award in the sum of $306.86 made by the appraisers and umpire, to whom the controversy as to the amount of loss was submitted in accordance with the provisions of the policy.

The plaintiff's attack on the award was based, as far as the evidence is concerned, solely upon the allowance of an alleged inadequate amount, the consumption of only an hour's time, or less, in the inspection, and the making of the investigation on a rainy, cloudy afternoon. The plaintiff had named as an appraiser E. Morrow, who was the carpenter-foreman employed by McCain on the job when the house was originally built. The insurer had named as an appraiser Homer L. Fitch. The appraisers named as the umpire Jacob Fossler. The award in the sum of $306.86 was signed and sworn to by all three members of the board. There is not a syllable of testimony showing interest, bias, or prejudice upon the part of any of the three members of the board. Neither of the appraisers nor the umpire testified as to the method of appraisal or any circumstances in connection therewith. The plaintiff testified that the inspection was made almost entirely in his absence and within an hour or less time at about 4 o'clock on a rainy, cloudy afternoon. The plaintiff, also, offered the testimony of three witnesses who detailed their observations of the damage to the property and who estimated the amount of damages at from $512.56 to $1,061.75. There were only five shingles blown off the roof; other shingles were raised; and one window pane was blown out.

The defendant tendered into court the amount of the award.

Upon the conclusion of the plaintiff's evidence, the defendant made a motion for a peremptory instruction, which was overruled. The defendant offered no evidence.

The jury found in response to special issues that the award was not "fairly and justly and impartially arrived at," and that the property was damaged in the aggregate sum of $1,061.75. The court rendered judgment accordingly.

An award of the appraisers and the umpire under an insurance policy will not be

set aside upon the ground of fraud, accident, or mistake merely upon the grounds of the inadequacy of the award, the devotion of an hour's time to inspection of the dwelling house in question, and the selection of a rainy, cloudy afternoon for the inspection, there being no evidence of interest, bias, or prejudice upon the part of any member of the board. Gulf Insurance Company of Dallas v. Pappas (Tex. Civ. App.) 73 S.W.(2d) 145.

The judgment of the district court is reformed so as to adjudge a recovery in favor of appellee against appellant for the sum of $306.86, without interest, and, as thus reformed, the judgment will be affirmed at the cost of appellee.