NUMBER 13-03-580-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

JERRY & ELVA BRESHEARS,                                         Appellants,

v.

STATE FARM LLOYDS,                                                              Appellee.
                                                                                                                                      

On appeal from the County Court at Law No. 1 
of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza 
Memorandum Opinion by Justice Garza

          Jerry and Elva Breshears appeal from a summary judgment granted in favor of State
Farm Lloyds in a suit for breach of an insurance contract and violations of the insurance
code. Both parties filed traditional motions for summary judgment, and State Farm also
filed a no-evidence motion for summary judgment. The Breshears contend the trial court
erred in granting State Farms’s summary judgment motion and denying their summary
judgment motion. Because we conclude that there was no breach of contract or any
violation of the insurance code, we affirm. 
Facts
          The Breshears are homeowners who have a Texas Homeowners “B” policy with
State Farm. The Breshears’s home required extensive plumbing repairs, which were
conducted by Gulf Coast Construction and Restoration (“GCC”). GCC billed the Breshears
$23,735.92 for its work, and the Breshears filed a claim with State Farm for that amount. 
State Farm received notice of the Breshears’s claim and, pursuant to the terms of the
policy, acknowledged their claim and began the investigation the following day. Two weeks
later, State Farm sent the Breshears an estimate of $18,742.15 for the value of the work
performed along with payment of $13,502.51 (the estimate less their deductible and some
prior credits). 
          An oral contract between GCC and the Breshears provided that payment to GCC
from the Breshears would only be in the amount paid by State Farm. In other words, the
Breshears had no obligation to pay GCC any more than they received from State Farm and
would only have to pay GCC additional amounts if they recovered more money from State
Farm. 
          Regardless of this agreement, the Breshears filed suit against State Farm, alleging
that it breached its insurance contract and violated provisions of the insurance code. The
Breshears’s insurance policy provides for an appraisal if either party disagrees with the
amount of payment.


 In accordance with the terms of this policy, the trial court abated the
proceedings and the two parties began the appraisal process. The appraisers and umpire
determined the amount of loss to be $21,484.00. Within thirty days of this decision, State
Farm paid the Breshears an additional $5,698.36. According to the Breshears, this leaves
$993.77 still unpaid from their original claim, based on GCC’s invoicing. 
          The Breshears then continued to pursue the suit. Both sides filed motions for
summary judgment. The trial court granted State Farm’s motion without specifying whether
it was granting the traditional or no-evidence motion for summary judgment and ordered
that the Breshears take nothing on their claims. Because the trial court relied on evidence
attached to the motions, we consider the traditional motion for summary judgment only.


 
 See Michael v. Dyke, 41 S.W.3d 746, 751-52 (Tex. App.–Corpus Christi 2001, no pet.).
Standard of Review
          This court reviews the granting of summary judgment de novo. Tex. Commerce
Bank-Rio Grande Valley, N.A. v. Correa, 28 S.W.3d 723, 726 (Tex. App.–Corpus Christi
2000, pet. denied).
          In a traditional summary judgment, the issue on appeal is whether the movant met
the burden of establishing that no genuine issue of material fact exists as to at least one
element of the non-movant’s claim and that the movant is entitled to judgment as a matter
of law. See Tex. R. Civ. P. 166a(c); Cate v. Dover Corp., 790 S.W.2d 559, 562 (Tex.
1990). All doubts about the existence of a genuine issue of a material fact are resolved
against the movant. Cate, 790 S.W.2d at 562; see also Acker v. Tex. Water Comm'n, 790
S.W.2d 299, 301–02 (Tex. 1990). If the movant’s summary judgment motion and proof
facially establishes its right to judgment as a matter of law, the burden shifts to the non-movant to raise a material fact issue sufficient to defeat summary judgment. See City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). 
          Where, as in this case, the trial court does not state the specific grounds upon which
the summary judgment was granted, the reviewing court must consider whether any
theories set forth in the motion will support a summary judgment. State Farm Fire & Cas.
Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993). A summary judgment must be affirmed if
any of the theories advanced by the movant are meritorious. Harwell v. State Farm Mut.
Auto. Ins. Co., 869 S.W.2d 170, 173 (Tex. 1995). 
          In the event that both parties move for summary judgment and the trial court grants
one motion and denies the other, the reviewing court should review the summary judgment
evidence presented by both sides and determine all questions presented and render the
judgment the trial court should have rendered. FM Props. Operating Co. v. City of Austin,
22 S.W.3d 868, 872 (Tex. 2000). 
State Farm Lloyds’s Motion for Summary Judgment
          State Farm contends it did not breach its contractual obligations under the insurance
policy; there are no grounds for setting aside the appraisal award; and it is not liable for
prejudgment interest, penalty interest or attorney’s fees. 
Breach of Contract
          The Breshears argue that because the appraisal award was greater than the initial
payment made by State Farm, State Farm was in breach of the contract as a matter of law. 
 However, they overstate the effect of appraisal decisions: an appraisal decision is
intended “to estop one party from contesting the issue of the value of damages in a suit on
the insurance contract,” Allison v. Fire Ins. Exch., 98 S.W.3d 227, 253 (Tex. App.–Austin
2002, pet. abated), not to facilitate this type of liability. See Wells v. Amer. States
Preferred Ins. Co., 919 S.W.2d 679, 683 (Tex. App.–Dallas 1996, writ denied) (appraisal
awards leave questions of liability to the court); Hennessey v. Vanguard Ins. Co., 895
S.W.2d 794, 797-98 (Tex. App.–Amarillo 1995, writ denied) (same). The Breshears may
not use the fact that the appraisal award was different than the amount originally paid as
evidence of breach of contract, especially when the contract they claim is being breached
provides for resolution of disputes through appraisal. 
          The Breshears argue that the Texas Supreme Court’s dicta in In re Allstate County
Mut. Ins. Co., 85 S.W.3d 193, 195 (Tex. 2002) (orig. proceeding), supports their breach of
contract claim. The issue in Allstate was whether the trial court abused its discretion in
refusing to uphold an appraisal clause in an automobile insurance policy. Id. The supreme
court held that the trial court should have enforced the appraisal clause and explained,
“[a]s to the plaintiffs’ breach of contract claim, the parties have agreed in the contract’s
appraisal clause to the method by which to determine whether a breach has occurred. 
That is, if the appraisal determines that the vehicle’s full value is what the insurance
company offered, there would be no breach of contract.” Id. at 196. The exact language
of the appraisal clause that the court relied on to draw this conclusion is not cited in the
opinion. 
          The Breshears appear to argue that this language indicates that if an appraisal
award is different from the amount initially offered by the insurance company, a breach of
contract has necessarily occurred. We disagree that this conclusion must follow from the
supreme court’s statement, particularly in light of the language of the contract before us
in this case. The State Farm insurance contract clearly specified an appraisal process was
the remedy for any disagreement regarding the amount of loss, and that the decision
reached by the appraisers and umpire “will set the amount of the loss” and “shall be
binding on you and us.” Here, State Farm provided evidence establishing that it
participated in the appraisal process and fully paid the amount set by the appraisers and
umpire. There is no indication in the contract that a payment made prior to appraisal that
differs from the appraisal award amounts to a breach of contract. 
          As State Farm complied with every requirement of the contract, it cannot be found
to be in breach. Thus, the trial court did not err in granting summary judgment for State
Farm on the breach of contract claim. 
Appraisal Award
          The Breshears also moved to set aside the appraisal award, which the trial court
denied in granting State Farm’s motion for summary judgment. An appraisal award made
pursuant to an insurance policy is binding and enforceable unless the insured proves that
the award was unauthorized or the result of fraud, accident, or mistake. See Allison v. Fire
Ins. Exch., 98 S.W.3d at 252; Providence Lloyds Ins. Co. v. Crystal City I.S.D., 877 S.W.2d
872, 875 (Tex. App.–San Antonio 1994, no writ) (citing Scottish Union & Nat’l Ins. Co. v.
Clancy, 8 S.W. 630, 631 (1888)); see also In re Allstate, 85 S.W.3d at 195 (appraisal
claims are enforceable). Every reasonable presumption will be indulged to sustain an
appraisal decision. See Providence Lloyds, 877 S.W.2d at 875. In the present case, there
is no evidence suggesting any fraud, accident, or mistake. State Farm’s summary
judgment evidence shows that the appraisal award was made pursuant to the insurance
policy, and payment was made reflecting the award determined by the appraisers
appointed by each party and the independent umpire. Thus, because there is no evidence
showing grounds to set aside the appraisal award, the trial court did not err in granting
summary judgment on this issue. 
Insurance Code Claims
          State Farm also disputed in its motion for summary judgment the Breshears’s claim
that it was liable under article 21.55 of the insurance code and section 304.102 of the
finance code for pre-judgment interest, penalty interest, and attorney’s fees.
          Prejudgment interest is owed following a judgment in a wrongful death, personal
injury or property damage case. See Tex. Fin. Code Ann. § 304.102 (Vernon Supp. 2004). 
Insurers owe prejudgment interest on top of the policy benefits only if they withheld those
benefits in breach of the insurance contract. Henson v. Southern Farm Bureau Ins. Co.,
17 S.W.3d 652, 654 (Tex. 2000). As there was no breach of contract by State Farm, and
consequently no judgment against it on which to base interest calculations, prejudgment
interest cannot be awarded against State Farm. See Cavnar v. Quality Control Parking,
Inc., 696 S.W.2d 549, 554 (Tex. 1985). 
          The Breshears also requested penalty fees and attorney’s fees pursuant to article
21.55 of the insurance code. This article requires an insurer to notify a claimant in writing
of the acceptance or rejection of the claim not later than the fifteenth business day after
“the insurer receives all items, statements, and forms required by the insurer, in order to
secure final proof of loss.” Tex. Ins. Code Ann. art. 21.55 § 3(a) (Vernon Supp. 2004). 
Article 21.55 also provides that “if an insurer delays payment of a claim following its receipt
of all items, statements, and forms reasonably requested and required . . . for more than
60 days, the insurer shall pay damages and other items as provided for in Section 6 of this
article.” Id. art. 21.55 § 3(f). Section six provides for eighteen percent annual interest on
the amount of the delayed payment, together with reasonable attorney’s fees. Id. art.
21.55 § 6. The purpose underlying article 21.55 damages is to ensure prompt payment
of insurance claims. Id. art. 21.55 § 8; J.C. Penney Life Ins. Co. v. Heinrich, 32 S.W.3d
280, 290 (Tex. App.–San Antonio 2000, pet. denied). If an insurer chooses to delay
payment or not pay a claim, it runs the risk of incurring this eighteen percent statutory fee
and reasonable attorneys fees. Oram v. State Farm Lloyds, 977 S.W.2d 163, 167 (Tex.
App.–Austin 1998, no pet.). 
          It is stipulated by both parties in the record that State Farm received notice of the
claim on April 13, 2000 and the next day acknowledged receipt of the claim, began an
investigation, and requested items necessary for the investigation. After receiving
additional documents from the Breshears’s contractor, State Farm paid the claim within the
amount of time specified by the code. We conclude that it therefore did not delay payment
or fail to pay the claim. 
          The Breshears argue that because of the appraisal process, they were not actually
paid until after State Farm paid them the difference between the first payment and the
appraisal award, which occurred long after the sixty-day statutory limit. The Breshears also
argue that by invoking the appraisal process, State Farm did not notify them as to whether
it intended to pay their claim within the time required by the code. We disagree. The
Breshears were paid by State Farm within the sixty-day limit, and they were notified that
State Farm would pay the claim when State Farm sent them an estimate of the cost of their
repairs accompanied by a check. The fact that the appraisal process was later invoked
does not alter the fact that State Farm complied with the insurance code, and provided a
reasonable payment within a reasonable time. See Tex. Ins. Code Ann. art. 21.55 §§ 3,
6, 8. Accordingly, we conclude the trial court did not err in granting summary judgment on
this issue. 
Breshears’s Motion for Summary Judgment
          In their motion for partial summary judgment, the Breashears contend that State
Farm breached its contract by failing to notify them under the terms of article 21.55 of the
insurance code as to whether their claim would be paid, and then pay that which was
demanded within the mandated time periods. See id. art. 21.55. However, we have
already reached the opposite conclusion and held that State Farm did not breach its
contract.
          The Breshears further contend in their motion for summary judgment that State
Farm has extra-contractual liability for falsely representing that it only owes the “average
costs” instead of “reasonable costs,” thereby engaging in acts of deception prohibited by
the insurance code.  See id. art. 21.21 § 4 (Vernon Supp. 2004). The record indicates that
State Farm sent the Breshears an estimate and payment based on “the average prices
charged by local repair firms.” The record includes a lengthy report explaining in detail how
this estimate was developed and comparing costs charged by ten local firms for each
repair undertaken and part replaced at the Breshears’ home. The Breshears have
provided no evidence or citation to authority which would show that “average” costs of
repairs are not reasonable, or that the average cost State Farm calculated in their case
was itself unreasonable. See Tex. R. Civ. P. 166a. The Breshears were paid in a timely
manner sufficient to satisfy the requirements of the code, and later received additional
funds under the appraisal award. State Farm acted in good faith and conducted a
reasonable investigation in response to their claim. See Tex. Ins. Code Ann. art. 21.21,
§ 4. Therefore, denial of the Breshears’ motion for summary judgment was proper as they
have failed to establish an article 21.21 violation against State Farm. 
          The Breshears also claim in their motion for summary judgment that there is no
evidence in the record of an itemized decision from the umpire setting forth the amount of
the loss agreed to by the umpire and the two appraisers. The record includes a notarized
certification of appraisal as well as deposition testimony by the umpire discussing how he
developed his estimate. As previously stated, an appraisal award is binding and
enforceable unless the insured proves that the award was unauthorized or the result of
fraud, accident, or mistake. See Barnes v. Western Alliance Ins. Co., 844 S.W.2d 264,
267 (Tex. App.–Fort Worth 1992, writ denied). In the present case the record does not
raise any issues of fact as to whether there was any fraud, accident, or mistake with the
appraisal process or award. Instead, the dispute centers around whether the umpire’s
decision was sufficiently itemized so as to be in compliance with the insurance policy. 
Given the evidence in the record, we find that it was, and the trial court did not err in
denying the Breshears’ partial motion for summary judgment on this ground.
Conclusion
          We affirm the judgment of the trial court.           _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice


Memorandum Opinion delivered 
and filed this the 27th day of August, 2004.