Reversed and Remanded in Part and Affirmed in Part and Opinion filed
November 30, 2004









Reversed and Remanded in Part and
Affirmed in Part and Opinion filed November 30, 2004.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00998-CV

_______________

 

GENERAL STAR INDEMNITY
COMPANY, Appellant

 

V.

 

SPRING
CREEK VILLAGE APARTMENTS PHASE V, INC. AND 

LASALLE NATIONAL BANK, TRUSTEE, Appellees

____________________________________________________

 

On Appeal from the 334th District Court

Harris County, Texas

Trial Court Cause No. 98‑28666

____________________________________________________

 

O P I N I O N








General Star Indemnity Company (AGeneral Star@) appeals a judgment in favor of
Spring Creek Village Apartments (ASpring Creek@) on the grounds that (1) the trial
court erred in granting partial summary judgment ordering that the appraisal
award was binding as to the amount of loss, (2) the evidence is insufficient to
support the jury=s finding that General Star failed to comply with the
insurance policy, (3) the trial court erred in directing a verdict on the issue
of mitigation of damages, (4) the trial court erred in rendering judgment on
the jury=s verdict that General Star violated
provisions of the Texas Insurance Code and the Deceptive Trade Practices Act (ADTPA@), (5) the trial court erred in
awarding damages based on replacement cost value, and (6) the trial court erred
in severing claims against Reliance Insurance Company.  In a cross-point of error, Spring Creek
contends the trial court erred in rendering summary judgment against Spring
Creek on its common-law bad faith claim. 
Because we find fact issues with regard to whether Spring Creek=s appraiser was impartial, we reverse
the judgment and remand for proceedings consistent with this opinion.  We affirm the summary judgment on Spring
Creek=s bad faith claim.

Background

On February 10, 1998, a windstorm caused damage to the Spring
Creek Village Apartments.  Spring Creek
had primary insurance coverage with Reliance Insurance Company of Illinois (AReliance@) for property damage and loss of
business income up to $1 million.  Spring
Creek also had excess coverage exceeding the $1 million primary policy limit
through General Star.  By its terms, the
General Star policy only applied after the coverage provided by Reliance was
exhausted.  Otherwise, the General Star
policy followed the terms, conditions, and definitions of coverage and recovery
stated in the Reliance policy.

Spring Creek filed a claim for property damage and loss of
business income, as a result of the windstorm, with Reliance.  Because Spring Creek and Reliance could not
agree on the amount of loss, Spring Creek invoked the appraisal provision of
the Reliance primary policy, which provides that if Reliance and Spring Creek
disagreed as to the amount of loss, either party could demand an
appraisal.  Pursuant to the appraisal
provision, both parties were required to Aselect a competent and impartial
appraiser,@ and the two appraisers would select
an umpire.  A decision agreed to by any
two of the three would be binding as to the amount of loss.  Because General Star owed no obligation to
Spring Creek until the loss exceeded $1 million, General Star did not
participate in the appraisal process.








Spring Creek hired Steve Edwards d/b/a City Wide Construction
as its appraiser; Reliance hired John Lochridge, and Lynn Taylor was selected
as the umpire.  Edwards estimated the
amount of loss to Spring Creek at $5,286,000. 
Lochridge estimated the amount of loss at $367,842.  The umpire issued an award that found
replacement cost value of the loss to be $2,105,790.98 and actual cash value to
be $1,566,673.51.

Reliance subsequently filed a declaratory judgment action
seeking to have the appraisal award declared invalid.  Reliance contended the appraisal award
contained items not covered under the policy and that the umpire exceeded his
authority in making causation and coverage determinations.  Spring Creek filed a counterclaim seeking
enforcement of the award.  Several months
later, Spring Creek filed a third-party action against General Star.  LaSalle National Bank (ALaSalle@), Spring Creek=s lender, intervened and sued
Reliance.[1]

In November 2000, the trial court granted a partial summary
judgment in favor of Spring Creek that the appraisal award was binding.  The trial court=s ruling left undecided the question
of whether Spring Creek had failed to mitigate its damages.  The trial court subsequently bifurcated the
trial of Spring Creek=s remaining causes of action. 
Spring Creek=s claim that Reliance and General Star had breached their
contracts was tried separately from Spring Creek=s claim that the insurance companies
had violated provisions of the Insurance Code and the DTPA.  In December 2000, the trial court granted a
summary judgment in favor of General Star that Spring Creek had no cause of
action against General Star for breach of the duty of good faith and fair
dealing.








In the first trial, the jury found in favor of Spring Creek
on its breach of contract claims and awarded damages for loss of business
income and attorneys= fees.  The judgment
further awarded Spring Creek replacement cost value based on the appraisal
award.  Following the first trial, a
Pennsylvania court declared Reliance insolvent and placed it in
liquidation.  Pursuant to the
Pennsylvania court=s order, the Texas Commissioner of Insurance designated
Reliance as an impaired insurer.  See
Tex. Ins. Code Ann. art. 21.28BC, ' 17 (Vernon Supp. 2004B05). 
On Spring Creek=s motion, the trial court severed Reliance from the case and
permitted the extra-contractual claims to proceed against General Star.  In the second trial, the jury found that
General Star violated provisions of the Texas Insurance Code and the DTPA.  The trial court entered a final judgment in
which it awarded Spring Creek damages pursuant to the appraisal award,
penalties under the Insurance Code and the DTPA, and attorneys= fees.  

Spring Creek=s Partial
Summary Judgment

In its first issue, General Star contends the trial court
erred in granting partial summary judgment that the appraisal award was
binding.  Spring Creek filed a motion for
partial summary judgment seeking to enforce the provision of its insurance
contract that expressed the appraisal award is binding as to the amount of
loss.  General Star responded to the
motion asserting fact issues with respect to whether (1) Spring Creek breached
its contract by failing to select an impartial appraiser, (2) the appraisal
award included damage that was excluded from coverage or not caused by the
storm, and (3) the umpire exceeded his authority under the policy.  The trial court granted the partial summary
judgment, but left open the issue of whether Spring Creek had acted to mitigate
its damages.  

Standard of Review








We review a traditional summary judgment to determine whether
the record establishes there is no genuine issue of material fact and the
movant is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546,
548 (Tex. 1985).  In deciding whether the
summary judgment record established the absence of a genuine issue of material
fact, we view as true all evidence favorable to the non-movant and indulge
every reasonable inference, and resolve all doubts, in its favor.  Nixon, 690 S.W.2d at 548B49. 
The non-movant can defeat summary judgment by producing evidence
sufficient to raise a fact issue.  Walker
v. Harris, 924 S.W.2d 375, 377 (Tex. 1996).

An appraisal award made under the terms of an insurance
policy is generally binding as to the amount of loss. Gardner v. State Farm
Lloyds, 76 S.W.3d 140, 142 (Tex. App.CHouston [1st Dist.] 2002, no
pet.).  An appraisal award may be
disregarded when it was (1) not made in substantial compliance with the policy,
(2) the result of fraud, accident, or mistake, or (3) made without authority.  Id.; Wells v. Am. States Preferred
Ins. Co., 919 S.W.2d 679, 683 (Tex. App.CDallas 1996, writ denied).  Although every reasonable presumption will
typically be made in favor of an appraisal award, in reviewing a summary
judgment this rule Amust yield to the degree its application conflicts with the
presumptions required to be made in favor of a non-movant.@ 
Hennessey v. Vanguard Ins. Co., 895 S.W.2d 794, 798 (Tex. App.CAmarillo 1995, writ denied).

Financial Interest of Spring Creek=s Appraiser








The insurance contract between Reliance and Spring Creek
contains an appraisal provision, which provides that if the parties disagree on
the amount of loss, Aeach party will select a competent and impartial appraiser.@ 
Attached to General Star=s response to Spring Creek=s motion for summary judgment is the
appraisal agreement entered into between Spring Creek and Steve Edwards d/b/a
City Wide Construction.  In that
agreement, Spring Creek agrees to Acompensate City Wide for its time and
costs incurred in this process, for an amount not to exceed [five] (5%) percent
of the gross settlement amount.@  Spring Creek further
agreed to compensate City Wide for additional time and costs as follows: AIn the event that the minimum gross
settlement amount of the Spring Creek Village Apartments, Phase V., Inc=s loss is at least TWO MILLION
($2,000,000.00) DOLLARS, Spring Creek hereby agrees to reimburse City Wide for
its additional time and costs and hereby assigns those costs to City Wide, per
its final invoice, up to but not in excess of, Six (6%) percent of the gross
settlement amount.  Additionally, for
every million dollars awarded above Two Million Dollars, City Wide will be entitled
to reimbursement for its time and costs for appraising that additional amount
but not in excess of another one (1%) percent of the gross settlement amount[.]@

Because Edwards had a financial interest in insuring the
appraisal award exceeded $2 million, General Star raised a fact issue with
regard to whether Edwards was impartial. 
An appraiser with a financial interest in the outcome of the appraisal
is not impartial.  Delaware
Underwriters v. Brock, 211 S.W. 779, 780B81 (Tex. 1919); cf. Gardner,
76 S.W.3d at 143 (in finding appraiser impartial, court noted he did not have a
financial interest in the claim); see also Central Life Ins. Co. v. Aetna
Cas. & Surety Co., 466 N.W.2d 257, 261B62 (Iowa 1991) (AThe appointment of an appraiser with
a concealed pecuniary interest in the outcome is a sufficient ground for
voiding the award as a matter of law without a showing of prejudice.@). The question of Edwards=s lack of impartiality raised a fact
question, which should have been submitted to a jury.  If the jury finds the appraiser is impartial,
it follows that the appraisal award was not in compliance with the insurance
policy and is not binding.

Spring Creek contends all appraisers are Apartisans, within bounds,@ and Edwards=s financial interest in the outcome
of the appraisal does not show Edwards was impartial in contravention of the
insurance contract.  Spring Creek
contends the contingent fee was merely a method to control the costs of the
appraiser by placing a cap on the amount Edwards could earn.  While an appraiser may represent the party
appointing him, the addition of a pecuniary interest in the appraisal award
raises a fact issue with regard to Edwards=s impartiality.








Spring Creek further argues that if General Star has raised a
fact issue, it has not raised a genuine issue of material fact because
it failed to meet its burden of showing it was prejudiced by Edwards=s impartiality.  The summary judgment proof shows Reliance=s appraiser determined the amount of
loss to be $367,842; Edwards found the amount of loss to be $5,286,000.  Edwards=s fee increased if he estimated the
loss at over $2 million and increased further for each $1 million above $2
million.  Taylor, the umpire, submitted
an affidavit in which he stated he relied, in part, on the appraisers= determinations of loss in issuing
his award.  General Star, as an excess
insurer, would not be liable for any amount under $1 million.  The disparity between the two appraisals is
sufficient to show that General Star was prejudiced if Edwards lacked
impartiality.  We find General Star
raised a genuine issue of material fact with regard to whether Spring Creek=s appraiser was impartial in
compliance with the insurance policy. Therefore, the trial court erred in
granting partial summary judgment.  

General Star=s Summary
Judgment

In a conditional cross-point, Spring Creek contends the trial
court erred in granting summary judgment dismissing Spring Creek=s claim that General Star breached
the duty of good faith and fair dealing. 
General Star moved for summary judgment on Spring Creek=s common‑law bad faith claim on
the ground that the duty of good faith and fair dealing does not apply to an
excess carrier.  No Texas court has
applied the duty of good faith and fair dealing to an excess insurer.  Emscor Mfg., Inc. v. Alliance Ins. Group,
879 S.W.2d 894, 909 (Tex. App.CHouston [14th Dist.] 1994, writ denied).  Spring Creek admits Texas law does not impose
a duty of good faith on an excess carrier, but contends, without citation to
authority, that we should impose this duty on General Star.  As an intermediate court, we decline Spring
Creek=s invitation to forge a new cause of
action.  Because Texas law does not
impose a duty of good faith and fair dealing on an excess carrier, we conclude
the trial court properly granted summary judgment.  That portion of the trial court=s judgment is affirmed.








Conclusion

Because we find error in the partial summary judgment, we
reverse the remainder of the trial court=s judgment.  General Star is an excess insurer and only
liable to Spring Creek if the amount of loss exceeds $1 million.  The first jury trial on breach of contract
was premised on the summary judgment that the appraisal award was binding and
Spring Creek was entitled to recover more than $1 million.  The second jury=s findings in the trial of Insurance
Code and DTPA violations were premised on the first jury=s finding that General Star breached
the contract.  Therefore, until the
question of the binding nature of the appraisal award is determined, General
Star is not liable under its excess insurer policy.  The judgment of the trial court is reversed
and remanded for proceedings consistent with this opinion.  The summary judgment in favor of General Star
is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Opinion filed November 30, 2004.

Panel consists of Justices Fowler, Edelman and
Seymore.  (Edelman, J., concurs in result
only.)

 

 

 











[1]  After the
first trial, Spring Creek=s owner, Creekwood Landing Corporation, sold the
Spring Creek complex.  Because LaSalle
had no further interest in the suit after the sale, it assigned its attorneys= fees award to Spring Creek.